IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN W. FALKENSTEIN, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-23-1733 |
| WARDEN, | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff John W. Falkenstein, Jr.'s request for injunctive relief. (ECF No. 1). The matter is ripe for review, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will deny Falkenstein's request and dismiss the Complaint without prejudice.

### I.  BACKGROUND

**A.  Falkenstein's Allegations**

Self-represented Plaintiff John W. Falkenstein, Jr. is an inmate currently housed at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland. (Compl. at 1, ECF No. 1).[1] He claims that he needs the immediate removal of a scrotal cyst, which has grown to "the size of a plum." (Id.). Although a urologist has recommended its removal, NBCI medical staff have "continued to deny the procedure." (Id.).

---

[1] Citations to page numbers in the Complaint refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

B.  **Response**

The Department of Public Safety and Correctional Services ("DPSCS") acknowledges that a urologist recommended surgical removal of Falkenstein's cyst following an ultrasound on October 21, 2022. (Med. Rs. at 4, ECF No. 15). However, such recommendation was not "confirmed" by the medical provider at NBCI, as Falkenstein alleges. (Resp. Show Cause Order ["Resp."] at 3, ECF No. 12). Rather, Falkenstein's medical records reflect only that "the urologist . . . recommended surgery," "the patient is interested in surgery," and that the provider at NBCI would be "submitting a consult per the urology recommendation." (Med. Rs. at 42).

On December 7, 2022, Sandra J. Boettinger, UMRN, determined that Falkenstein did not meet the necessary threshold for removal of the cyst, more accurately described as a spermatocele. (Id. at 48). Specifically, Boettinger noted that Falkenstein's condition is benign, and he can perform all daily functions without medical assistance. (Id.).

Since Falkenstein's ultrasound on October 21, 2022, he was seen by NBCI medical staff at least nine times, during which he discussed the condition of his left testicle. (Id. at 7, 11, 17, 28, 38, 49, 53, 63, 73). At visits on March 14, 2023, and April 7, 2023, Falkenstein stated that he was experiencing some discomfort related to the spermatocele, but he also indicated that he was engaging in regular exercise with no limitations. (Id. at 17, 28). As of April 7, 2023, Falkenstein's condition did not interfere with his activities of daily living. (Id. at 17).

C.   **Procedural History**

The Court received Falkenstein's request for injunctive relief on June 26, 2023. (ECF No. 1). The matter was construed and instituted as a civil rights Complaint, pursuant to 42 U.S.C. § 1983, against the Warden, and Falkenstein was directed to either pay the filing fee or file a motion for leave to proceed in forma pauperis, and to supplement his Complaint. (ECF No. 2). Before initiating formal proceedings, the Court directed counsel for DPSCS to show cause why injunctive relief should not be granted in favor of Falkenstein. (Id.). Counsel responded on August 28, 2023. (ECF No. 12). Although Falkenstein filed numerous correspondence and supplemental information (ECF Nos. 4, 5, 6, 7) thereafter, he refused to pay the filing fee or file a motion seeking its waiver, explaining that he has not exhausted his administrative remedies and does not want to file a lawsuit (ECF No. 8).

II.   **DISCUSSION**

"A preliminary injunction is an 'extraordinary and drastic remedy.'" See Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2948, at 129 (2d ed. 1995)). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) that the injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009). To demonstrate a likelihood

3

of irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Med. Grp., 952 F.2d 802, 812 (4th Cir. 1991). In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

Additionally, in the context of preliminary injunctions sought by prison inmates:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).

Here, Falkenstein seeks injunctive relief in the form of expedited surgery to remove his scrotal cyst. (ECF No. 1). He states that he understands how the process works and hopes to "merit an exception" in order to get the requested treatment "without all the unnecessary battle." (Compl. at 2, ECF No. 1). Falkenstein, however, has not made a

sufficient showing to support the extraordinary measure of granting a preliminary injunction.

At a minimum, Falkenstein has not shown that he is likely succeed on the merits as he has not established that the requested surgery is medically necessary. As noted by medical staff, Falkenstein's condition is benign, and he can perform all daily functions without medical assistance. Moreover, Falkenstein has failed to show that he will suffer irreparable harm absent injunctive relief. As recently as April 7, 2023, Falkenstein reported that his condition did not interfere with his activities of daily living.

As Falkenstein cannot satisfy the test set in Winter, his request for injunctive relief shall be denied. Because the denial of Falkenstein's request resolves the only issue before the Court, and because Falkenstein failed to pay the filing fee or file a Motion for Leave to Proceed in Forma Pauperis, the Complaint shall be dismissed without prejudice, and the Clerk will be directed to close this case.[2]

### III.   CONCLUSION

For the foregoing reasons, injunctive relief is denied, and the Complaint is dismissed without prejudice. A separate Order follows.

---

[2] In any event, as Falkenstein has acknowledged his failure to exhaust administrative remedies, dismissal without prejudice is also warranted on this ground. See 42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 642 (2016); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.2d 674, 682 (4th Cir. 2005)

Entered this 3rd day of October, 2023.

                                                  /s/
                                  George L. Russell, III
                                  United States District Judge